UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| NED STORY, ) | Case No. 13-48515-659 |
| ) | Chapter 7 |
| ) | |
| Debtor. ) | **PUBLISHED** |

**O R D E R**

The matter before the Court is Objection to Exemptions filed by Creditor Centrue Bank, Trustee's Objection to Debtor's Exemptions, Affidavit of Barbara Story, Debtor's Response to the Objections to Exemptions Filed by Centrue Bank and by the Bankruptcy Trustee, Centrue Bank's Reply Brief in Support of Its Objections to Debtor's Claims of Exemptions and Affidavit [of Scott Dallman] in Support of Objection to Claim of Exemptions. A hearing was held on May 11, 2015, at which counsel for Creditor Centrue Bank, Counsel for Chapter 7 Trustee and Counsel for Debtor appeared in person and presented oral argument. The matter was taken under submission. Upon a consideration of the record as a whole, the Court rules as follows.

On July 31, 2007, Creditor Centrue Bank entered into an Original Loan Agreement with various borrowers which comprised of a revolving loan in the original amount of $6,500,000.00 (hereinafter "Original Revolving Loan") and a term loan in the original amount of $21,000,000.00 (hereinafter "Original Term Loan"). Debtor Ned Story (hereinafter "Debtor") and the Ned B. Story Living Trust Dated September 27, 1999 executed an Unlimited Guaranty of both the Original Revolving Loan and the Original Term Loan (hereinafter the "Original Unlimited Guaranty"). The Original Unlimited Guaranty also contained a Spouse's Waiver which was executed by Debtor's non-filing spouse, Barbara Story (hereinafter "Mrs. Story").

The Original Revolving Loan and the Original Term Loan were scheduled to mature on July 31, 2008. The principal balance of the Original Revolving Loan and the Original Term Loan were not satisfied before the maturity date. Thereafter, Creditor Centrue Bank entered into five amendments to the Original Loan Agreement between August 2008 and November 2008 in order

to extend the maturity date of the Original Revolving Loan and the Original Term Loan, ultimately to April 30, 2009. These amendments included the August 29, 2008 pledge by Debtor and Mrs. Story of real estate located at 105 Bruns Place Court, St. Peters, Missouri (hereinafter the "Bruns Court Property") and 9139 Via Bella Notte, Orlando Florida, both of which are marital property held as tenancy by the entireties.

Ultimately, an Amended Loan Agreement dated April 30, 2009 was entered into and executed on September 30, 2009. In connection therewith, Debtor and the Ned B. Story Living Trust Dated September 27, 1999 executed an Amended and Restated Unlimited Guaranty on September 30, 2009 to be effective as of April 30, 2009 (hereinafter "Amended and Restated Unlimited Guaranty"), which again included a Spouse's Waiver executed by Mrs. Story.

The Spouse's Waiver included with the Amended and Restated Unlimited Guaranty, which is substantially the same as the Spouse's Waiver included with the Unlimited Guaranty, states:

> In connection with the Guarantied Obligations guaranteed by Ned B. Story ("Guarantor") under the foregoing Amended and Restated Unlimited Guaranty, the undersigned, Barbara Story ("Guarantor's Spouse") hereby waives all of her rights as a married person, a surviving spouse, and as a surviving joint owner in or with respect to (i) any and all property owned solely by Guarantor or any trust which Guarantor retains the right to alter, amend or revoke, including, without limitation, The Ned B. Story Living Trust Dated September 27, 1999 (collectively, "Guarantor's Trusts"), and (ii) one-half of any and all property owned jointly with rights of survivorship or as tenants by the entirety by Guarantor's Spouse and Guarantor or Guarantor's Trusts (collectively, the "Property"). All obligations of Guarantor under the foregoing Unlimited Guaranty may be collected out of the Property without regard to the rights of Guarantor's Spouse. Guarantor's Spouse further agrees that in the event of dissolution of her marriage to Guarantor any property Guarantor's Spouse receives from Guarantor or from Guarantor's Trusts as Guarantor Spouse's share of the marital property is subject to the obligations of Guarantor under the foregoing Unlimited Guaranty.

Creditor Centrue Bank filed suit in the United States District Court for the Eastern District of Missouri against the various borrowers of the Original Loan Agreement, and the Amended Loan Agreement for non-payment. On December 13, 2012, judgment was entered in favor of Creditor Centrue and against the various borrowers in a total amount of $4,854,448.53 consisting of

principal and interest through July 6, 2012, plus expenses, attorneys fees and costs in the amount of $121,166.48, for a total judgment of $4,975,615.01, plus interest.

Creditor Centrue Bank filed suit in St. Charles County, Missouri, against Debtor and the Ned B. Story Living Trust Dated September 27, 1999 in which Creditor Centrue Bank sought to enforce the Amended and Restated Unlimited Guaranty. On or about May 13, 2012, summary judgment was entered in favor of Creditor Centrue Bank against Debtor and the Ned B. Story Living Trust Dated September 27, 1999 in the amount of $4,975,615.01, plus interest. Creditor Centrue Bank foreclosed on the deed of trust which encumbered the Bruns Court Property in July 2013, and in August 2013, served garnishments on Debtor's bank accounts at PNC Bank and Lindell Bank.

On September 16, 2013, Debtor filed a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Court. Seth A. Albin is the duly appointed Chapter 7 Trustee (hereinafter "Trustee").

Debtor's Original Schedule B states that, among other assets, Debtor held the following jointly with Mrs. Story: $1,900.00 in a PNC Bank Account ending in 1606, $2,831.15 in another PNC Bank Account ending in 1614, $3,400.00 in a Lindell Bank Account ending in 1615, an expected tax return of $1,500.00, a 2004 Chevy Suburban with 133,000 miles valued at $5,000.00, a cause of action against KMT Golf, LLC and Gary Hill and a potential cause of action against Thompson Coburn (hereinafter collectively "the Assets"). Debtor sought to exempt the Assets on Schedule C pursuant to Section 522(b)(3)(B) because Debtor alleges that the Assets are held as tenants by the entireties by Debtor and Mrs. Story. Debtor has not claimed any other exemption in the Assets. On November 26, 2013, Debtor filed an Amended Schedule B which listed a cause of action against KMT Golf, LLC, Mark Nelson and Gary Hill, however Debtor has not amended Schedule C.

Creditor Centrue Bank and Trustee object that the Spouse's Waiver prevents Debtor from claiming this exemption in the Assets and rather, as a result of the Spouse's Waiver, Debtor holds an interest in one-half of the Assets to which any claim by Mrs. Story has been waived and is therefore property of Debtor's estate, and the other one-half interest in the Assets remains with Mrs.

Story. Debtor argues that the Spouse's Waiver is of no consequence because it was only signed by Mrs. Story and is devoid of Debtor's signature and therefore, Mrs. Story cannot unilaterally sever the tenancy by the entirety. Debtor further argues that there is no evidence that Mrs. Story knew that she held a tenancy by the entirety ownership interest and that by signing the Spouse's Waiver she intended to subject her ownership interest to Debtor's creditors.

## JURISDICTION

This Court has jurisdiction of this matter pursuant 28 U.S.C. §§ 151, 157 and 1334 (2013) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) (2013). Venue is proper in this District under 28 U.S.C. § 1409(a) (2013).

## CONCLUSIONS OF LAW

The legal question before the Court has not been precisely presented by any party in this matter. It appears as though the parties request that this Court determine whether Mrs. Story's execution of the Spouse's Waiver precludes Debtor's claim of exemption in the Assets under Section 522(b)(3)(B). Stated differently, the parties request that the Court determine whether the Spouse's Waiver caused Debtor and Mrs. Story's interest in the Assets to no longer be a tenancy by the entireties or a joint tenancy, pre-petition, such that Section 522(b)(3)(B) is rendered inapplicable. Nevertheless, it is Debtor and Debtor's individual case that is before the Court, therefore, the Court's jurisdiction is limited to a determination of the scope of estate property and the extent of Debtor's permissible exemption of the Assets. As such, the Court will determine what portion of the entireties assets are property of the estate, and consequently, the extent to which Debtor is permitted to exempt the same.

Pursuant to Section 541, upon the commencement of a bankruptcy case, most assets become property of the estate. 11 U.S.C. § 541(a) (2013). A bankruptcy estate includes all legal and equitable interests of the debtor in property. *Id.* The Bankruptcy Code allows debtors to exempt certain property from the estate. Exemptions are dictated by Section 522(d) of the

Bankruptcy Code. Pursuant to Section 522(b)(2), a state may opt out of the federal exemptions outlined in Section 522(d) and thereafter, debtors domiciled in that state must avail themselves to the exemptions available pursuant to state law. *See In re Benn,* 491 F.3d 811, 813 (8th Cir. 2007). Missouri has opted out of the federal bankruptcy exemptions, and did so pursuant to Section 513.427. *Id.* at 813–14. Missouri has however exercised the option for a debtor to exempt property under Section 522(b)(3)(B). *See Garner v. Strauss (In re Garner),* 952 F.2d 232, 234 (8th Cir. 1991).

Section 522(b)(3)(B) authorizes the exemption of property held as tenants by the entireties to the extent the interest is exempt from process under applicable nonbankruptcy law. *See* 11 U.S.C. § 522(b)(2)(B) (2013). Missouri law governs the nature of a debtor and a non-filing spouse's ownership interest in entireties property, and in Missouri, there is a presumption that property held by husband and wife is held as tenancy by the entireties. *In re Haines,* 528 B.R. 912, 917-18 (Bankr. W.D. Mo. 2015). Joint tenancy is not a moiety in that joint tenants own an indivisible interest in entireties property. *Ronollo v. Jacobs,* 775 S.W.2d 121, 123 (Mo. 1989) *(en banc).* "[E]ntireties property is not subject to the claims of the creditors of only one of the tenants, but is subject to such claims by creditors of joint debtors" under Missouri law. *In re Van Der Heide,* 164 F.3d 1183, 1184 (8th Cir. 1999) (citing *In re Garner,* 952 F.2d at 234-35 (8th Cir. 1991)). Under Missouri law, neither spouse can unilaterally burden or convey any property held as tenants by the entireties. *In re King's Estate,* 572 S.W.3d 200 (Mo. App. 1978). When a tenancy by the entirety is severed, each spouse then holds an interest as a tenant in common. *In re Stanke,* 234 B.R. 439, 442 (Bankr. W.D. Mo. 1999) (citing *Ronollo,* 775 S.W.2d at 123); *Bruce v. Dyer,* 309 Md. 421, 524 A.2d 777, 782 (1987).

When only one tenant of entireties property files a bankruptcy petition, the entire value of the entireties property is not property of the estate; only one-half of the entireties property is property of the estate and the other half (or the equivalent value thereof) is returned to the non-filing spouse. *See In re Van Der Heide,* 164 F.3d at 1185 (citing the legislative history of Section 541

-5-

which states that "[w]ith respect to [martial interests and] other co-ownership interest(s), such as tenancies by the entirety, ... the bill does not invalidate the rights, but provides a method by which the estate may realize on the value of the debtor's interest in the property while protecting the [co-tenant's] rights."). "[O]nly one-half of hypothetical sale proceeds [of property held by the entireties], less exemptions, are subject to the bankruptcy estate." *Id.* at 1184. Likewise, it is appropriate in reconciling the federal interest in "preventing debtors from exploiting [the] tension between bankruptcy and state property law" to only allow one-half of the total authorized exemption under Missouri law to the portion of entireties property that is part of the bankruptcy estate. *Id.* at 1186 (where the debtor was only permitted to claim one-half of the total homestead exemption authorized under Missouri law). The burden of proof is on the objecting party to demonstrate that a claimed exemption is not proper, and thereafter, the burden shifts to the debtor. Fed. R. Bankr. P. 4003(c) (2013); *Peoples' State Bank of Wells v. Stenzel (In re Stenzel),* 301 F.3d 945, 947 (8th Cir. 2002).

>Section 363(h) states that:
>
>>[n]otwithstanding subsection (f) of this section, the trustee may sell property under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if –
>>(1) partition in kind of such property among the estate and such co-owners is impracticable;
>>(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>>(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>>(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h) (2013). Section 363(j) further states that "[a]fter a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less

the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate." 11 U.S.C. § 363(j) (2013).

In an unpublished opinion in this District, it was held that one-half of a bank account which was held by the debtor and her non-filing spouse was allocated to the debtor's estate, from which the trustee was directed to subtract any exemption to which the debtor was entitled, and pay debts jointly held by the debtor and her non-filing spouse. *See In re Pamela Jane Benton,* Case No. 14-10871-399, at 5 (Bankr. E.D. Mo. filed December 30, 2014). Any remainder after the trustee paid joint debts was to be returned to the debtor as exempt tenancy by the entireties property. *Id.*

The Court will address the Spouse's Waiver. In sum, the Spouse's Waiver has no effect on what portion of the Assets is property of the estate, nor does it affect Debtor's claim of exemption. The Spouse's Waiver is not a lien; it does not contain a description of the property, nor was it recorded and therefore it is not perfected. Further, the Spousal Waiver does not make the underlying debt guaranteed by Debtor into a debt that is jointly held by Debtor and Mrs. Story, nor does it cause the entireties property to descend to a tenancy in common. It certainly does not serve to benefit all of Debtor's creditors, or all of Debtor and Mrs. Story's joint creditors, but rather, just Creditor Centrue Bank. As such, the Spouse's Waiver is, for the limited purposes of resolving the matter before the Court today, nothing more than a contract between Mrs. Story and Creditor Centrue Bank, and therefore of no effect to this Court's determination of the scope of the property of the estate or the extent of Debtor's exemption in the same. The Assets remain entireties property and will be treated accordingly in this case.

Debtor has not claimed any other exemption in the Assets beyond Section 522(b)(3)(B). Applying the law of this circuit, the Court concludes that one-half of the following assets will be property of the estate with which the Trustee may use to satisfy any debt that is jointly held by Debtor and Mrs. Story, and any remainder after doing so shall be returned to Debtor as entireties property: the Joint Checking Account ending in 1606, the Joint Checking Account ending in 1614, the Joint Savings Account ending in 1615, the anticipated federal tax return in the amount of

-7-

$1,500.00, any recovery from the cause of action against KMT Golf LLC, Mark Nelson and Gary Hill, and the potential cause of action against Thompson Coburn. Debtor values the Chevy Suburban at $5,000.00. Partition of the Chevy Suburban is impracticable. As such, in a hypothetical sale of the Chevy Suburban as permitted by Sections 363(h) and (j), $2,500.00 would become property of the estate, and the remaining $2,500.00 would be returned to Mrs. Story. In the interest of equity and efficiency, pursuant to Section 105, the Court will *sua sponte* apply Missouri Statute Section 513.430(5) and, consistent with *In re Van Der Heide,* 164 F.3d at 1186 (where the Debtor was "only entitled to claim one-half of the total homestead exemption authorized under state law"), apply one-half of the $3,000.00 maximum Missouri exemption for motor vehicles, thus $1,500.00. As such, $1,000.00 of the value of the Chevy Suburban is deemed non-exempt and therefore part of the estate, to be treated consistent with this Court's direction for the remainder of the Assets. Therefore,

**IT IS ORDERED THAT** Objection to Exemptions filed by Creditor Centrue Bank is **SUSTAINED IN PART** and **OVERRULED IN PART**, as set forth above; and

**IT IS FURTHER ORDERED THAT** Trustee's Objection to Debtor's Exemptions is **SUSTAINED IN PART** and **OVERRULED IN PART**, as set forth above; and

**IT IS FURTHER ORDERED THAT** one-half of the value of the Joint Checking Account ending in 1606, the Joint Checking Account ending in 1614, the Joint Savings Account ending in 1615, the anticipated federal tax return, any recovery from the cause of action against KMT Golf LLC, Mark Nelson and Gary Hill and the potential cause of action against Thompson Coburn are property of the estate; and

**IT IS FURTHER ORDERED THAT** $1,000.00 of the value of the Chevy Suburban is property of the estate, following a determination that $2,500.00 of the value of the Chevy Suburban less an exemption allowed pursuant to Section 105 and Missouri Statute Section 513.430(5) in the amount of $1,500.00, shall be deemed estate property; and

**IT IS FURTHER ORDERED THAT** all portions of the Joint Checking Account ending in 1606, the Joint Checking Account ending in 1614, the Joint Savings Account ending in 1615, the anticipated federal tax return, any recovery from the cause of action against KMT Golf LLC, Mark Nelson and Gary Hill, the potential cause of action against Thompson Coburn and the Chevy Suburban that are property of the estate may only be used by the Chapter 7 Trustee to satisfy debts that are jointly held by Debtor and his non-filing spouse; and

**IT IS FURTHER ORDERED THAT** any remaining portion of the Joint Checking Account ending in 1606, the Joint Checking Account ending in 1614, the Joint Savings Account ending in 1615, the anticipated federal tax return, any recovery from the cause of action against KMT Golf LLC, Mark Nelson and Gary Hill, the potential cause of action against Thompson Coburn and the Chevy Suburban, after satisfaction of debts that are jointly held by Debtor and his non-filing spouse shall be returned to Debtor as entireties property.

*/s/ Kathy A. Surratt-States*

KATHY A. SURRATT-STATES
Chief United States Bankruptcy Judge

DATED: August 11, 2015
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Ned Story
105 Bruns Place Ct.
St. Peters, MO 63376

Robert E. Eggmann
Desai Eggmann Mason LLC
7733 Forsyth Boulevard, Suite 800
Clayton, MO 63105

Jennifer A. Merlo
Rosenblum Goldenhersh
Zafft, P.C.
7733 Forsyth Blvd., Fourth Floor
St. Louis, MO 63105

| | |
|---|---|
| Danielle A. Suberi<br>Desai Eggmann Mason LLC<br>7733 Forsyth Blvd.<br>Suite 800<br>Saint Louis, MO 63139 | Centrue Bank<br>c/o Wendi Alper-Pressman<br>Lathrop & Gage LLP<br>7701 Forsyth Blvd., Suite 500<br>St. Louis, MO 63105 |
| Wendi S. Alper-Pressman<br>Lathrop & Gage, L.C.<br>7701 Forsyth Blvd.<br>Suite 400<br>St. Louis, MO 63105 | |